**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 10-4253**

———————————

UNITED STATES OF AMERICA,

            Plaintiff — Appellee,

      v.

SHAWN DWAYNE JONES,

            Defendant — Appellant,

      and

NED POLK; INTERNATIONAL FIDELITY INSURANCE COMPANY,

            Respondents.

———————————

Appeal from the United States District Court for the District of
South Carolina, at Columbia.   Cameron McGowan Currie, District
Judge.   (3:09-cr-00197-CMC-1)

———————————

Submitted:  June 30, 2011            Decided:  July 5, 2011

———————————

Before WILKINSON, DUNCAN, and WYNN, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

John M. Ervin, III, Darlington, South Carolina, for Appellant.
Robert  Frank  Daley,  Jr.,  Assistant  United  States  Attorney,
Columbia, South Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawn Dwayne Jones pled guilty, pursuant to a plea agreement, to one count of possession of a stolen firearm, in violation of 18 U.S.C. §§ 922(j), 924(a)(2) (2006). The district court sentenced Jones to 120 months' imprisonment. On appeal, Jones' counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that, in his opinion, there are no meritorious issues for appeal, but questioning whether the district court adequately complied with Fed. R. Crim. P. 11 in accepting Jones' guilty plea and whether the sentence imposed is reasonable. The Government declined to file a response. We affirm.

Because Jones did not move in the district court to withdraw his guilty plea, we review the Rule 11 hearing for plain error. United States v. Martinez, 277 F.3d 517, 525 (4th Cir. 2002). "To establish plain error, [Jones] must show that an error occurred, that the error was plain, and that the error affected his substantial rights." United States v. Muhammad, 478 F.3d 247, 249 (4th Cir. 2007). Our review of the record leads us to conclude that the district court fully complied with Rule 11 and that Jones' guilty plea was knowing, voluntary, and supported by an independent factual basis.

We also conclude that Jones' sentence is both procedurally and substantively reasonable. We review a sentence

2

for abuse of discretion. Gall v. United States, 552 U.S. 38, 51 (2007). The first step in this review requires us to ensure that the district court committed no significant procedural error. United States v. Evans, 526 F.3d 155, 161 (4th Cir. 2008). In determining the procedural reasonableness of a sentence, this court considers whether the district court properly calculated the defendant's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed any arguments presented by the parties, and sufficiently explained the selected sentence. Gall, 552 U.S. at 51. We then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010). A sentence within the Guidelines range is accorded an appellate presumption of reasonableness. Rita v. United States, 551 U.S. 338, 346-56 (2007). We have reviewed the record and conclude that Jones' within-Guidelines sentence is both procedurally and substantively reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We further find no merit to the issue raised in Jones' pro se supplemental brief. We therefore affirm Jones' conviction and sentence. This court requires that counsel inform Jones, in writing, of the right to petition the Supreme Court of the

3

United States for further review. If Jones requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jones. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED